J-S28024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUSTIN L. STARK | |
| Appellant | No. 1469 WDA 2016 |

Appeal from the Judgment of Sentence September 8, 2016
In the Court of Common Pleas of Elk County
Criminal Division at No(s): CP-24-CR-0000009-2015

BEFORE:  OLSON, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 15, 2017**

Dustin L. Stark appeals from the September 8, 2016 judgment of sentence imposed following a probation revocation hearing.  Stark's counsel has filed an **_Anders_**[1] brief and a petition to withdraw from representation.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the procedural history of this case as follows:

> On September 8, 2016, a continued hearing was scheduled on a probation revocation petition that had been initially filed by the Commonwealth on January 29, 2016. At the time of the continued hearing, counsel for the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

Commonwealth and [Stark] presented a stipulation that sufficient facts existed to support the finding that [Stark] had violated the conditions of probation imposed as a result of the July 6, 2015 order of sentence[,] which included [Stark] being placed on probation for a period of sixty (60) months.

As a result of the revocation of [Stark's] probation, this Court then resentenced [Stark] to, inter alia, periods of incarceration of not less than 18 months nor more than 60 months for the offense of criminal trespass, 18 Pa. C.S.A. [§] 3503(a)(1)(i), a felony of the third degree, and of not less than 6 months nor more than 12 months for the offense of possession of drug paraphernalia, 35 P.S. [§] 780-113(a)(32), an ungraded misdemeanor. Stark was given credit for time served on the sentences from November 19, 2015 and the sentences were run concurrent each to the other as well as run concurrent to the sentence of not less than 2-1/2 years nor more than 5 years of incarceration entered [at] CR-351-2015 on September 8, 2016.[2] That sentence was imposed as a result of [Stark] having been found guilty by a jury on June 24, 2016, of the offense of persons not to possess, use, manufacture, control, sell, or transfer firearms, 18 Pa. C.S.A. [§] 6105(a), a first degree misdemeanor.

Trial Court Opinion Pursuant to Pa. R.A.P. 1925(a)(1), 1/12/17, at 1.

On September 14, 2016, Stark filed a post-sentence motion, which the trial court denied on September 30, 2016. Stark timely appealed to this Court.

Because counsel has filed a petition to withdraw pursuant to **Anders** and its Pennsylvania counterpart, **Commonwealth v. Santiago**, 978 A.2d

_____

[2] The trial court held a consolidated sentencing proceeding on September 8, 2016, at which the trial court imposed sentences for both the June 24, 2016 conviction and the probation violation.

349 (Pa. 2009), we must first address counsel's petition before we can review the merits of Stark's underlying issue.

To withdraw as counsel under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**.  The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.  Counsel must also provide a copy of the **Anders** brief to the appellant, together with a letter advising the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief."  **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007)).

Here, counsel's petition states that he thoroughly reviewed the record and determined that any appeal would be frivolous.  In the **Anders** brief, counsel summarizes the facts and procedural history of the case, refers to evidence of record that might arguably support the issue raised on appeal, states his conclusion that the appeal is frivolous, and cites relevant law to

- 3 -

support his conclusion. Additionally, counsel provided Stark with a copy of the *Anders* brief, the petition to withdraw, and a letter advising Stark of his intent to withdraw and of Stark's right to retain new counsel or proceed *pro se*. Accordingly, counsel has complied with the requirements of *Anders* and *Santiago*.

Stark has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. Thus, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).[3]

Stark presents one question for our review: "Whether the trial court abused its discretion when it revoked [Stark's] probation and re-sentenced

_____

[3] This Court recently granted *en banc* certification in two appeals to consider the requisite scope of an appellate court's independent review in *Anders*/*Santiago* cases. *See Commonwealth v. Yorgey*, No. 3376 EDA 2016, Order (Pa.Super. filed Aug. 18, 2017); *Commonwealth v. Dempster*, No. 28 EDA 2017, Order (Pa.Super. filed Aug. 18, 2017). In both *Yorgey* and *Dempster*, we certified the following issue:

> Whether the scope of the appellate court's independent review of the certified record, once Counsel seeks permission to withdraw representation, necessitates: (1) a comprehensive review of the record for any issues that Counsel might have overlooked; (2) review limited to the issues either Counsel or the *pro se* appellant raised; or (3) review limited to the issues raised by either Counsel or *pro se* appellant, and issues that the appellate court is obligated to review *sua sponte*.

him to serve an aggregate sentence of incarceration of [not less than] eighteen (18) months nor more than sixty (60) months at the State Diagnostic and Classification Center at Pittsburgh for [Stark's] violation of probation." **Anders** Br. at 3. This question challenges the discretionary aspects of Stark's revocation sentence.

An appeal from the discretionary aspects of sentencing is not guaranteed as a matter of right. **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa.Super. 2010). Before addressing such a challenge, we must first determine:

> (1) whether the appeal is timely; (2) whether [the] [a]ppellant preserved his [or her] issue; (3) whether [the] [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting **Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super. 2006)); **see** Pa.R.A.P. 2119(f). "At a minimum, the [Pennsylvania Rule of Appellate Procedure] 2119(f) statement must articulate what particular provision of the [C]ode is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." **Mastromarino**, 2 A.3d at 585-86 (quoting **Commonwealth v. Bullock**, 948 A.2d 818, 826 n.6 (Pa.Super. 2008)).

Stark filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of

reasons for allowance of appeal under Rule 2119(f). We must now determine whether he has raised a substantial question that the revocation sentence is inappropriate under the Sentencing Code.

In his Rule 2119(f) statement, Stark asserts that the revocation sentence "was unreasonably excessive, was a result of the [trial] court's abuse of discretion, and constituted to[o] severe a punishment." **Anders** Br. at 7. However, "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." **Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa.Super. 2012). Therefore, we conclude that Stark's bald assertion that the revocation sentence is "excessive" and "severe," without providing any reasons to support that assertion, does not present a substantial question for our review.

Even if Stark's sentencing claim had raised a substantial question, we would conclude that the trial court did not abuse its discretion in imposing the sentence. Our standard of review of a revocation sentence is as follows:

> [T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

***Commonwealth v. Hoover***, 909 A.2d 321, 322-23 (Pa.Super. 2006) (internal citations omitted).

Here, the record contains no indication that Stark's revocation sentence was excessive or disproportionate to his probation violation. At sentencing, the trial court stated that it had reviewed Stark's pre-sentence report and was aware of Stark's lengthy history of substance abuse and prior juvenile felony convictions. N.T., 9/8/16, at 8-10. The trial court also cited Stark's June 2016 jury trial conviction for persons not to possess firearms, a first-degree misdemeanor. ***Id.*** at 9. Based on that conviction, and the trial court's finding that Stark's conduct indicates that he will likely commit another crime if he is not imprisoned, the trial court determined that a sentence of total confinement was warranted. ***Id.*** at 11-12; ***see*** 42 Pa.C.S. § 9771(c)*.* Finally, the trial court thoroughly explained its reasons for imposing the revocation sentence on the record. N.T., 9/8/16, at 8-13. Although the trial court could have run the revocation sentences consecutively to each other, it ran them concurrently and also concurrent to the sentence imposed on the June 2016 conviction. Therefore, we find no abuse of discretion.

Furthermore, we have conducted a full examination of the proceedings and conclude that Stark's appeal is, in fact, wholly frivolous. ***See Flowers***, 113 A.3d at 1248.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017